728 F.2d 655
 UNITED STATES of America, Appellee.
v.
PREMISES KNOWN AS 3301 BURGUNDY ROAD, ALEXANDRIA, VIRGINIA,
A Parcel of Real Property and all Appurtenances thereto,
lying in Fairfax County, Virginia, and containing 10.671
acres; said property being titled in the name of Realcon
Investments, Inc.; any and all proceeds from the sale of
said property, Appellants.
In re USA
v.
REALCON INVESTMENTS, INC., Defendant.
 No. 83-1379.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 6, 1983.
Decided March 1, 1984.
 
 James M. Lowe, Alexandria, Va. (Lowe & Meltz, Alexandria, Va., on brief), for appellants.
 Nash W. Schott, Asst. U.S. Atty., Alexandria, Va., (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.
 Before MURNAGHAN, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Realcon Investments, Inc. (Realcon) appeals from the district court's denial of its motion to quash a warrant of arrest of property.[1] Realcon contends that the district court erred when it ordered the forfeiture to the government of approximately $200,000.00 in proceeds from the sale of property located in Alexandria, Virginia and known as 3301 Burgundy Road. Because we are unable to ascertain from the record who is the rightful owner of the Burgundy Road property, we vacate the judgment of the lower court and remand with orders to undertake new evidentiary hearings on the question of ownership.
 
 I.
 
 2
 At some point in 1979 Arthur Simon Meisnere, a lawyer, purchased property at 3301 Burgundy Road in the name of a fictitious corporation entitled "Claw One, Inc." In December of 1980 the deed of title was transferred to Realcon, a Lichtenstein corporation. It is not known where the money for the transfer of title came from, nor is it clear who the directors and owners of Realcon were.
 
 
 3
 Following the transfer, the government began an investigation of Meisnere, his client Leon Durwood Harvey, Harvey's brother Michael, and Barry Wayne Toombs for possible drug smuggling activities. Preliminary findings by the government indicated that the Harveys, Toombs, and Meisnere had used the Burgundy Road property as a meeting place to plan ways of smuggling hashish and marijuana into the United States from Lebanon. Thus when Realcon attempted to sell the Burgundy Road property in October of 1981, the government quickly obtained a warrant of arrest for the property and placed it on the door of 3301 Burgundy Road. A memorandum of lis pendens was filed in the circuit court of Fairfax County, and shortly thereafter Realcon filed an answer in rem objecting to the attachment.
 
 
 4
 In February of 1982 a federal grand jury returned an eighteen count indictment against Michael and Leon Harvey. The indictment charged Leon Harvey with a violation of the Continuing Criminal Enterprise Statute, 21 U.S.C. Sec. 848, and specifically listed the Burgundy Road property as subject to forfeiture under Sec. 848(a)(2) of that statute.[2] After the filing of criminal charges, the district court agreed to stay the in rem civil proceedings pending further developments in the criminal suit.
 
 
 5
 Shortly thereafter the grand jury handed down additional indictments. Among those charged was Barry Wayne Toombs. Without lifting the stay on the civil proceedings still in effect, the district court set trial in the criminal suit for March 14, 1983.
 
 
 6
 Five months before the scheduled trial date the appellant moved to lift the stay and quash the warrant of arrest for Burgundy Road. Realcon alleged that the district court's failure to provide a pre-seizure hearing and the issuance of the warrant by a clerk instead of a judicial officer had violated the corporation's fifth and fourth amendment rights respectively. The district court denied the motion and ordered a continuance of the stay. The day trial was to begin Barry Toombs pled guilty to two counts of violating Secs. 1961, 1962(d) and 1963 of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1961 et seq. In the plea agreement, Toombs stated that he would
 
 
 7
 immediately and voluntarily forfeit to the United States the assets listed in Count III-B and all other domestic and foreign assets in which he has any direct or indirect interest or control, if the assets are the proceeds of unlawful drug activities ....
 
 
 8
 Among the assets listed in Count III-B was 3301 Burgundy Road.
 
 
 9
 As a result of Toombs' plea agreement, the district court entered a Consent Judgment for Forfeiture requiring $200,000.00 in proceeds from the sale of Burgundy Road to be transferred to the U.S. Government.[3] The government then moved to dismiss the civil case with prejudice on the grounds that it was now moot. The district court agreed and the suit was dismissed.
 
 II.
 Section 1963 of RICO states that:
 
 10
 "Whoever violates any provision of section 1962 of this chapter ... shall forfeit to the United States (1) any interest ... acquired or maintained in violation of section 1962 and (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962. [Emphasis added]
 
 
 11
 We are unaware of any evidence in the record indicating that Toombs possessed an interest in the Burgundy Road property or a cognizable claim to the proceeds derived from the sale of that property. Indeed, the Burgundy Road property is not included in the list of assets attributed to Toombs in his plea agreement. In the absence of affirmative evidence demonstrating that Toombs had a possessory interest in Burgundy Road, there is no basis upon which to invoke the forfeiture clause of Sec. 1963.
 
 
 12
 The government's failure to satisfy the prerequisites of Sec. 1963 is not rectified by the fact that Toombs consented to the forfeiture in the plea agreement. Clearly, Toombs cannot consent to the forfeiture of an asset to which he has no legal right or claim.
 
 
 13
 We conclude, therefore, that the Consent Judgment was improperly entered and must be vacated. On remand, the district court should conduct a new evidentiary hearing to determine who is the rightful owner of Burgundy Road. We emphasize, however, that Realcon is not entitled to "presumptive ownership" should the government fail to show a forfeitable interest on the part of a defendant. To win possession of the proceeds, Realcon must (1) establish who its beneficial owner(s) are; (2) prove that those owner(s) possessed legal right and title to the property before the sale; and (3) show that those owners did not have a forfeitable interest under Sec. 1963 or any other applicable statute. For the government to prevail, it must establish some statutory basis for forfeiture, such as a showing under Sec. 1963 or Sec. 848 that a convicted defendant in the criminal suit possessed an interest in the property. In short, both parties must come before the district court to assert their claims on an equal footing.
 
 
 14
 Until such time as a determination of ownership is made, the clerk of the district court shall hold the proceeds in escrow.
 
 III.
 
 15
 Finding merit in the appellant's first contention, we decline to address the constitutional claims. The judgment of the lower court is accordingly vacated and remanded for further proceedings consistent with this opinion.
 
 
 16
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 After this case was scheduled for oral argument, the government submitted a motion to this Court requesting a substitution of parties. At the time the motion was made, however, the government did not indicate who was to be substituted for whom. We, therefore, deny the motion without prejudice to the appellee's right to submit a new, more complete motion to the district court on remand
 
 
 [2]
 21 U.S.C. Sec. 848(a)(2) states that:
 Any person who is convicted under paragraph (1) of engaging in a continuing criminal enterprise shall forfeit to the United States--
 (A) the profits obtained by him in such enterprise, and
 (B) any of his interest in, claim against, or property or contractual rights of any kind affording a source of influence over, such enterprise.
 The government argues in its brief that Leon Durwood Harvey is the alter ego of Realcon. Leon Durwood Harvey has yet to be convicted in this action. At present he is apparently still at large.
 
 
 [3]
 There is some confusion over which statute the district court relied upon as the basis for Toombs' forfeiture. The Consent Judgment refers to "Title 18, United States Code, Secs. 1961, 1962(d) and 1963," indicating that the court could have relied on either 21 U.S.C. Sec. 848, or 18 U.S.C. Sec. 1963. (The court's October 22, 1982 Memorandum Opinion states that the government initially sought forfeiture pursuant to another provision--21 U.S.C. Sec. 881(b)--but that provision deals largely with conveyances and is clearly inapplicable to real estate.) It matters little, however, which of these two forfeiture provisions the court meant to cite. The provisions have similar requirements. Compare note 1 supra with text supra at 657